# CIRCUIT COURT OF BALTIMORE CITY

Filed April 24, 1890.

THE BALTIMORE & JERUSALEM TURNPIKE CO.
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE.

*Gontrum & Gorter* for plaintiff.

*Wm. A. Hammond* for the defendant.

DENNIS, J.—

The plaintiff has no right of property in the road bed of the turnpike. By its charter it was authorized to build and maintain a turnpike upon the old Bel Air road and this easement is the extent of its franchise. Every use of the highway not inconsistent with the exercise of this franchise remained in the public authorities of Baltimore County. By the annexation act, this right of use, subject to the plaintiff's easement, passed from the county to the city. Even without the special provision in that act in regard to streets (which provision has been made broader in its operation by the Act of 1890, Ch. —, and would perhaps now be held to embrace roads of the character of the one in question). I am of the opinion that the fact of annexation alone, would *proprio vigore*, work this result.

This right of uses on the part of the public clearly includes the right to lay water pipes, gas mains and similar urban servitudes (Angel on Highways, Sec. 312; Wilham vs. Sharp, 15 Barb. 210), provided always that the right is exercised in such a manner as not to destroy or materially injure the franchise already granted. In this case there is no evidence that the work complained of is being done in an improper manner. Whatever damage

that results to the plaintiff is necessarily incident to the doing of the work at all, and is but temporary at the most. It consists wholly in the fact that there will be a sinking to a more or less degree of the fresh dirt thrown in to cover the trenches made for the laying of the pipes. The proof shows that this is easily remedied, by the addition of fresh dirt from time to time, until the whole becomes solid; and that the city authorities have always, in such cases, made these repairs themselves as often as they are needed, and propose to do so in the present case. It is manifest that this sinking or settling of the new ground cannot be wholly prevented, but is necessarily incident to all work of this character; but it is only a temporary injury, not materially interfering with the plaintiff's franchise, and one easily remedied. Being of the opinion therefore that the city has the right to prosecute this work, and that it is being done in a proper manner and with due regard to the plaintiff's easement, the bill for an injunction will be dismissed.